|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Criminal Case No. 07MJ2804-RBB |
| --- | --- |
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| JASON BANKS, | |
| Defendant. | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), this Court conducted a detention hearing on December 7, 2007 to determine whether defendant Jason Banks should be held in custody pending trial, on the grounds that he is a flight risk. Special Assistant U.S. Attorney Lauren Barefoot appeared on behalf of the United States. Attorney Heather Rogers appeared on behalf of the defendant.

Based on the evidence proffered by the United States and by the defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

//

//

//

## I.

## FINDINGS OF FACT

**A.    Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(g)(1))**

1.    The defendant is charged in Criminal Complaint No. 99CR-289 with one count of Possession of an Unregistered Firearm, in violation of Title 26, United States Code, Sections 5845(a), 5861(d), and 5871.

2.    Because the offense charged is not a crime that creates the presumption of detention, this factor weighs in favor of setting bail.

**B.    Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))**

1.    While admittedly the least important factor, the Court finds that probable cause exists that the defendant committed the instant offense and this factor weighs in favor of detention.

**C.    History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))**

1.    Regarding defendant's character, there is evidence that defendant made false statements to police officers during the investigation, thus this factor weighs in favor of detention;

2.    Due to the lack of evidence with regard to the defendant's physical and mental condition, this factor is treated as neutral by the Court;

3.    Because the defendant has family ties to the United States, including an uncle and a grandfather living in San Diego, this factor weighs in favor of setting bail;

4.    Because the defendant is unemployed or is self-employed as a tattoo artist, neither of which is an anchor to the community, this factor weighs in favor of detention;

5.    Because the defendant has no financial ties the community, this factor weighs in favor of detention;

6.     Because the defendant is a United States Citizen, this factor weighs in favor of setting bail.

7.    The defendant's community ties and past conduct are viewed as neutral and/or duplicative by the Court;

2

**1**   8.   Because there is evidence that the defendant has a problem with drug or alcohol
**2**   abuse, this factor weighs in favor of detention;
**3**   9.   Because the defendant has multiple prior criminal convictions, this factor weighs
**4**   in favor of detention;
**5**   10.   Because the defendant's record regarding court proceedings includes multiple
**6**   failures to appear and probation violations, this factor weighs in favor of detention.

**7**                                             **II.**

**8**                                  **REASONS FOR DETENTION**

**9**   A.   There is probable cause to believe that the defendant committed the offense charged
**10**   in Criminal Complaint No. 99CR-289 with one count of Possession of an Unregistered Firearm,
**11**   to wit: a Remington weapon made from a shotgun, Model 1100, .12 gauge, serial number
**12**   M439899V, in violation of Title 26, United States Code, Sections 5845(a), 5861(d), and 5871.
**13**   B.   The defendant's length of residence in the community, ties to the community, and
**14**   the nature and circumstances of the offense, do not outweigh the other factors, listed supra, which
**15**   establish by a preponderance of the evidence that no condition or combination of conditions will
**16**   reasonably assure the appearance of the defendant as required, and favor detention in this case.
**17**   ///
**18**   ///
**19**   ///
**20**   ///
**21**   ///
**22**   ///
**23**   ///
**24**   ///
**25**   ///
**26**   ///
**27**
**28**

## III.

## ORDER

IT IS HEREBY ORDERED that the defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: December 11, 2007

The Honorable Ruben B. Brooks
United States Magistrate Judge

Prepared by:

_____
Lauren J. Barefoot
Special Assistant U.S. Attorney


cc:     Heather Rogers, Esq.